**Opinion issued December 12, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————————

**NO. 01-23-00210-CR**

**NO. 01-23-00212-CR**

———————————————

**QUINTON TEREL RANDOLPH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 180th District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1807433 and 1807434**

---

## MEMORANDUM OPINION

Appellant Quinton Terel Randolph was indicted on two counts of aggravated sexual assault. *See* TEX. PENAL CODE § 22.021(a)(1). A jury found him guilty, sentenced him to 28 years' confinement in the Correctional Institutions Division of the Texas Department of Criminal Justice, and imposed a $5,000 fine.

On appeal, Randolph's appointed counsel filed a motion to withdraw, along with a brief stating that the record presents no reversible error and the appeal is both without merit and frivolous. *See Anders v. California*, 386 U.S. 738, 744 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. *Id.*; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Counsel advised Randolph of his right to access the record and provided him with a form motion for access to the record. Counsel further advised Randolph of his right to file a pro se response to the *Anders* brief. Randolph was granted access to the appellate record but did not file a pro se response.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for reversal on appeal exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27

(Tex. Crim. App. 2005) (reviewing court determines whether appeal is wholly frivolous or arguable grounds for appeal exist); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). We note that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the trial court's judgment and grant counsel's motion to withdraw.[1] Attorney Terrence A. Gaiser must immediately send Randolph the required notice and file a copy of the notice with the Clerk of this Court.[2] *See* TEX. R. APP. P. 6.5(c).

<strong>PER CURIAM</strong>

Panel consists of Justices Kelly, Landau, and Rivas-Molloy.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[1] All other pending motions are dismissed as moot.

[2] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).

3